## MACK v. JONES & a.

A town cannot, by grant or stipulation in a conveyance, exempt land from taxation.

CASE against the defendants, — selectmen and assessors of the town of Marlow, — for assessing an illegal tax on the plaintiff.

The plaintiff resided in Marlow on the 1st of April, 1849, and the tax was duly assessed in that year by the defendants against the plaintiff on a piece of land in that town, in possession of the plaintiff, and claimed by him under the title hereinafter stated.

This piece of land was called the School Lot, and belonged to the share in the township, which, by the charter, had been designated for the benefit of a school in that town. On the 7th of July, 1803, this land belonged to the town of Marlow, and the town on that day conveyed the land by a deed, termed a lease, but without any reservation of rent, to Silas Mack, " to hold possession of said premises, free from taxes, till grass shall cease to grow and water to run." The conveyance was made on condition that it should be void, if the purchaser failed to pay certain notes and obligations which he gave to the town. These notes and obligations were paid. Silas Mack conveyed the land in 1823, by deed of warranty in fee simple, to Amasa Mack, and Amasa Mack, by a like deed, in March, 1826, to the plaintiff. The lease has never been assigned. No taxes were assessed on the land from the time of the conveyance to Silas Mack until 1849.

Several objections were made to the authority of the agents who undertook to convey in behalf of the town ; but in the view which the Court take of the case, it is not necessary to consider or state those objections.

If, on this case, the Court should be of opinion that the plaintiff is entitled to recover, it was agreed that judgment should be rendered for him ; otherwise, for the defendant.

*Chamberlain*, for the plaintiff.

*Wheeler & Faulkner*, for the defendants.

The town of Marlow had no authority to exempt this land from taxes. The power of taxation, and the right to exempt from taxation, does not reside in the people of the particular town where any property may be situated, but in the people of the whole State. It has been gravely doubted, whether even the Legislature can make a contract by which this power shall be surrendered, without express authority for that purpose, in the constitution, or in some other way, directly from the people themselves. *Brewster* v. *Hough*, 10 N. H. Rep. 138. It cannot then be doubted that towns have no right to make any such contract.

PERLEY, J. When this tax was assessed in April, 1849, the land taxed was in possession of the plaintiff, who claimed to own it under the title set out in the case. By the Rev. Stat. ch. 39, § 2, all real estate, except houses of public worship, school houses, seminaries of learning, and property of the State and county, whether improved or unimproved, and whether owned by residents or non-residents, is liable to be taxed. And ch. 40, § 7, provides that all real and personal property shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof. The plaintiff claimed the land, and was also in the possession and actual occupancy, and, therefore, by the express and unequivocal terms of the statute, the land was taxable to him ; and it was the duty of the defendants to assess this tax, unless the grant or stipulation of the town, in their conveyance to Silas Mack, has the effect in law to confer on this land a perpetual exemption from the common burden of taxation.

Several questions might be raised as to the construction of this conveyance of the town to Silas Mack, which do not appear to be material to the determination of this case. The deed is denominated a lease ; but there is no reservation of any rent or other duty or service to constitute the relation of landlord and tenant. If the deed can take effect according to the popular sense of the language used, and the probable intention of the parties, Silas. Mack and his assigns, since payment of the securities mentioned in the deed, have been the absolute and unconditional owners of

Mack *v.* Jones.

the land. The town retains no interest whatever. There are, however, no words of inheritance used in the deed, and, unless the rule of the common law has been relaxed in this State, Silas Mack took only an estate for his own life. But it is not material to the decision of the question raised in this case, whether the estate conveyed by the deed of the town continues, or was determined by the death of Silas Mack. For, if the land in law belongs to the town, it is still liable to be taxed by the statute. The property of the State and of counties is exempted, but not the property of towns. And the land being taxable, it was by the statute to be taxed to the plaintiff who was in possession and claimed to own it. The case is reduced to the single question, whether a town owning land can, by grant or stipulation in a conveyance, exempt the land from taxation in the possession of the purchaser and his assigns ?

The power of taxation is an attribute of sovereignty belonging to the people ; and this power, so far as it has been granted at all, has been delegated under our constitution to the legislature. Bill of Rights, article 28 ; *Brewster* v. *Hough,* 10 N. H. Rep. 138.

Towns have no power to assess any tax not authorized by statute, nor to change or modify the public law regulating taxation. *Dillingham* v. *Snow,* 5 Mass. 547 ; *Stetson* v. *Kempton,* 13 Mass. 272.

If the power claimed for the town in this case were admitted, it would defeat the provision of the statute, which in plain terms required this land to be taxed, and shift the burden imposed by the general law of taxation from this land to the polls, and the other taxable property in the town. If this land could be privileged with perpetual exemption from taxes by the act of the town, any land in any town that, by foreclosure of a mortgage, purchase of a poor farm, or in any other of the numerous ways in which towns may acquire title to land, should become the temporary property of the town, might be forever discharged from the common burden of taxation ; and this would, of course, add proportionally to the weight of taxes assessed elsewhere. In short, the exemption attempted to be conferred on this land by the

grant of the town is in direct conflict with the statute made under the constitution, which requires the land to be taxed. If this power were conceded to towns, and acted on generally, it would disturb the whole system of taxation imposed by law, and destroy that equality in the distribution of the public burdens which it has been a principal object with all the governments in this country to establish and secure.

We are very clear, that the attempt of the town to grant this land a perpetual immunity from taxes was illegal and void.

According to the agreement stated in the case, there must be

*Judgment for the defendants.*